### J. E. EATON v. THE STATE.

No. 5408.   Decided June 11, 1919.

Rehearing denied October 8, 1919.

**1.—Selling Adulterated Milk—Recognizance—Practice on Appeal.**

Where the appeal was dismissed because the recognizance failed to recite the amount of punishment assessed, but thereafter a sufficient recognizance was properly filed, the appeal is reinstated.

**2.—Same—Jurisdiction—County Court—Justice Court—District Court.**

Where the Criminal District Court had original jurisdiction only in all misdemeanor cases of which the County Court then had exclusive jurisdiction, it had no jurisdiction in misdemeanor cases punishable by fine only where the maximum punishment is two hundred dollars, as jurisdiction is given by law under our Constitution to both the County Court and Justice Court.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of selling adulterated milk; penalty, a fine of two hundred dollars.

The opinion states the case.

*Todd, Graham & Williams,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is a companion case to cause Nos. 5407 and 5409, J. E. Eaton v. State, this day decided.

The recognizance herein fails to recite the amount of punishment assessed, and for this reason is fatally defective.

The appeal will be dismissed.

*Dismissed.*

ON REINSTATE.

October 8, 1919.

LATTIMORE, JUDGE.—This case was dismissed at the last term of this Court, because of a defective recognizance. Motion is now made to reinstate the case, and as the same is accompanied by a sufficient recognizance, said motion is hereby granted and the case considered on its merits

The record discloses that the case originated in the Criminal District Court of Bowie County, Texas, appellant being there charged with the offense of selling adulterated milk, said offense being punishable under the provisions of Chapter 2, Title 12, of our Penal Code, by a fine of not less than $25 nor more than $200.

Under our Constitution and laws, jurisdiction is given both to the County and Justice Courts for prosecutions for offenses whose punishment is by fine alone, when the maximum amount thereof does not exceed $200. The County Court has not exclusive jurisdiction of such case. Our attention is called to the fact that the framers of Chapter 28 of the Acts of the Thirty-fifth Legislature, in creating the Criminal District Court of Bowie County, Texas, saw fit, in fixing its misdemeanor jurisdiction, to give it original jurisdiction only in all misdemeanor cases of which the County Court of Bowie County "may now have exclusive jurisdiction." We are unable to see how this language can be construed in any way except to prevent said Criminal District Court of Bowie County from having original jurisdiction in misdemeanor cases punishable by fine only, where the maximum punishment is $200. The instant case being of that description, we hold that the trial court was without original jurisdiction, and the case is reversed and ordered dismissed.

There is no necessity for passing upon the other questions raised.

*Reversed and dismissed.*